BOND RECOMMENDATION: ⌣

AO 442 (Rev.5/85) Warrant for Arrest

# United States District Court

RECEIVED
U.S. MARSHAL

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**07-275-M-01**

UNITED STATES OF AMERICA

v.

USMAN JAWAID

WARRANT FOR ARREST

CASE NUMBER: 3:07-m- 1097-MCR

**FILED**

JUN 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

To: The United States Marshal
and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest USMAN JAWAID and bring him forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☒ Complaint  ☐ Order of Court  ☐ Violation Notice  ☐ Probation Violation Petition

charging him with falsely assuming or pretending to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acting as such, or in such pretending character demanding or obtaining money, paper, document, or thing of value.

In violation of Title 18, United States Code, Section 912.

MONTE C. RICHARDSON
Name & Title of Judicial Officer

*Monte C. Ri* (signature)
Signature of Issuing Officer

**UNITED STATES MAGISTRATE JUDGE**
Title of Issuing Officer

May 3 2007 Jacksonville, FL
Date and Location

(By) Deputy Clerk

Bail fixed at $ _____     by _____
                                                 Name of Judicial Officer

## RETURN

This warrant was received and executed with the arrest of the above-named defendant at _____

| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
|---|---|---|
| 06/08/07 | D.L. BALDWIN | (signature) |
| DATE OF ARREST | SDUSM/USMS | |
| 06/08/07 | | |

AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

07 - 275 - M - 01

UNITED STATES OF AMERICA

vs.

USMAN JAWAID

**CRIMINAL COMPLAINT**

CASE NUMBER: 3:07-m- 1097-MCR

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about February 26, 2007, in Duval County, in the Middle District of Florida, defendant did,

falsely assume or pretend to be an officer or employee acting under the authority of the United States or any department, agency or officer thereof, and acted as such, or in such pretended character demanded or obtained money, paper, document, or thing of value,

in violation of Title 18, United States Code, Section 912. I further state that I am a Special Agent with Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

**FILED**

JUN 0 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Continued on the attached sheet and made a part hereof: ☒ Yes  ☐ No

Signature of Complainant
Special Agent Ricardo R. Arocho
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,

_____ at  Jacksonville, Florida

MONTE C. RICHARDSON
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

## AFFIDAVIT

I, Ricardo R. Arocho, being duly sworn, depose and say that:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") in the Jacksonville, Florida Division. I have been a Special Agent for approximately one year and am currently assigned to the Joint Terrorism Task Force. During my time as a Special Agent with the FBI, I have investigated crimes involving kidnapping, bank robbery, child pornography, terrorism, and fraud.

2. I make this affidavit in support of a criminal complaint charging Usman Jawaid with violations of 18 U.S.C. § 912 (False personation of an officer or employee of the United States).

### Summary of Probable Cause

3. Your affiant has probable cause to believe that on February 26, 2007, Usman Jawaid committed the offense of impersonation of an officer or employee of the United States when he rented an automobile at the Jacksonville International Airport location of Enterprise Rent A Car. Specifically, Jawaid received a government discount rate based on presenting a military identification and by claiming he was traveling on military orders. In fact, Jawaid had been discharged from the United States Army on February 3, 2006 and was supposed to have surrendered his military identification at that time. In addition, various acquaintances of Jawaid have advised your affiant that they knew Jawaid to use military identification previously in order to receive discounts at hotels and on airfare.

### Persons and Entities Discussed In this Affidavit

4. Orlando Quant is a Special Agent with the FBI in its Jacksonville, Florida Division.

5. Enterprise Rent A Car is a national rental car agency with an office located at 2400 Yankee Clipper Drive (Jacksonville International Airport), Jacksonville, Duval County, Florida, a location within the Middle District of Florida, Jacksonville Division.

6. Brian Parker is employed by Enterprise Rent A Car, as an associate at the service counter, Jacksonville, Duval County, Florida, a location within the Middle District of Florida, Jacksonville Division.

7. Leverne Wilson, Jr. is employed by Enterprise Rent A Car, as an assistant manager, Jacksonville, Duval County, Florida, a location within the Middle District of Florida, Jacksonville Division.

8. Jacksonville Aviation Authority Police Department is a State Law Enforcement Agency located at Jacksonville, Florida, Duval County, Florida, within the Middle District of Florida, Jacksonville Division.

9. Officer J.J. Hopely # 454 is employed by Jacksonville Aviation Authority Police Department as an sworn officer, Jacksonville, Duval County, Florida, a location within the Middle District of Florida, Jacksonville Division.

10. Albert B. Zacharias is employed by Army Operations Security Detachment as Special Agent of the Military Intelligence Group, 902D Military Intelligence Group Fort George G. Meade, Maryland 20755-5998.

2

11. Gregory Meek is a Special Agent with the FBI in its Tampa, Florida Division.

12. Harry Persaud is an acquaintance of Usman Jawaid, who resides in Orlando, Florida, a location within the Middle District of Florida.

13. Gary Mezo is an acquaintance of Usman Jawaid, who resides in Orlando, Florida, a location within the Middle District of Florida.

14. Sanjay Srinivasan is an acquaintance of Usman Jawaid, who resides in Orlando, Florida, a location within the Middle District of Florida.

### Facts Establishing Probable Cause

15. On April 9, 2007, I reviewed a copy of the rental agreement between Enterprise Rent A Car and Usman Jawaid dated February 26, 2007, which was provided to Special Agent Orlando Quant by Officer J.J. Hopely on March 27, 2007.

16. From the above mentioned agreement I learned that on February 26, 2007, Usman Jawaid rented a white 2007 Cadillac, model DTS, from Enterprise Rent A Car at the Jacksonville International Airport location. The rental agreement specifies that the vehicle should be returned by March 1, 2007. Attached to the rental agreement is a photocopy of a Florida driver's license issued to Usman Jawaid as well as a Department of the Army identification card issued to Usman Jawaid, both of which contain his photograph. The driver's license has a non-existent, false address for Usman Jawaid at "Special Forces" in Starke, Florida.

17. The rental agreement states that Usman Jawaid was under Army orders. Enterprise Rent A Car charged a rental fee of $239.95 for said period of time.

3

18. On April 9, 2007, Brian Parker was interviewed by SA Orlando Quant and your affiant. Mr. Parker provided the following information:

   A. Parker advised that he remembered when Jawaid walked up to the service counter, due to the circumstances associated with the rental of the vehicle and the events that transpired while Jawaid had the vehicle.

   B. Parker indicated that Jawaid did not have a reservation and that he provided a Florida drivers license and a military identification in order to rent the vehicle.

   C. Jawaid informed Parker that he was on government orders and used a Master Card to secure the payment. Parker made photocopies of the documents presented to him by Jawaid.

   D. Parker became suspicious of Jawaid when he requested to see the orders but Jawaid informed him that he had just recently been activated over the telephone and did not have the orders with him.

   E. Parker advised that Jawaid received the government special rate that is not available to regular customers.

   F. Parker remembered that when Jawaid failed to return the vehicle and it was overdue by 4 or 5 days, Enterprise personnel began to call the contact numbers provided by Jawaid but he was not able to be reached.

   G. Enterprise received a telephone call from a gentleman who

4

identified himself as Mr. Baily, an employee of the Department of Defense. Mr. Baily indicated that he knew about Jawaid and the rental vehicle. During the telephone call, Mr Baily informed Parker that they would resolve the matter within the next five days.

H. Parker was aware that the vehicle had been recently returned to an Orlando, Florida area Enterprise store.

19. On April 9, 2007, Leverne Wilson, Jr. was interviewed at Enterprise Rent A Car, at the Jacksonville International Airport location, by Special Agent Orlando Quant and your affiant. Mr. Wilson provided the following information:

A. Wilson advised that he provided assistance to Jawaid in the parking garage of the airport. Wilson indicated that he upgraded Jawaid's vehicle at no additional charge after Jawaid inquired about the upgrade after having some minor customer service issues.

B. Wilson remembered that Jawaid informed him that he was a car salesman, but that Jawaid could not produce a business card when asked for one by Wilson.

C. Wilson queried his computer system and advised that Jawaid was still delinquent on the rental car fee he incurred with the extended use of the vehicle.

  D. Wilson further advised that if Jawaid had not received the government discount, an additional fee would have been charged to Jawaid since he is under 25 years of age. Enterprise Rent A Car has a policy that requires drivers age 21 to 24 to purchase additional insurance coverage, but that this policy does not apply to government and military personnel traveling for official business or orders.

 20. On April 12, 2007, Harry Persaud, 8024 Firenze Boulevard, Orlando, Florida, was interviewed by Special Agents Orlando Quant and Albert B. Zacharias. According to Special Agent Quant, Persaud advised he had previously traveled with Jawaid and was present when Jawaid had used military identification to receive the government rate at hotels and airlines.

 21. On April 12, 2007, Gary Mezo, 8028 Firenze Boulevard, Orlando, Florida, was interviewed by Special Agents Orlando Quant and Albert B. Zacharias. According to Special Agent Quant, Mezo advised that Jawaid informed him that he (Jawaid), had an FBI identification in a safe at his home in Jacksonville, Florida. Jawaid further advised Mezo that this identification is supposed to be real, that a friend of his who works at the Pentagon makes them. Jawaid informed Mezo that if he (Mezo) wanted one, all he had to do was provide him (Jawaid) with a photograph. Mezo further advised he was with Jawaid when Jawaid had used the military identification for travel arrangements.

22. On April 12, 2007, Sanjay Srinivasan, 8208 Firenze Boulevard, Orlando, Florida, was interviewed by Special Agents Orlando Quant, Gregory Meek and Albert B. Zacharias. Srinivasan advised that Jawaid offered to get him a government identification which he (Srinivasan) could use to obtain discounts on airfares and hotels. Srinivasan indicated that he (Srinivasan) was with Jawaid when Jawaid used his military identification to receive a government discount when Jawaid booked an airplane ticket.

23. On April 16, 2007, Special Agent Albert B. Zacharias, Army Operations Security Detachment, reviewed Jawaid's Army personnel file and advised that Jawaid was discharged from the Army on February 3, 2006, with a general discharge under honorable conditions. A military database query conducted by Special Agent Albert B. Zacharias, revealed that Jawaid is not an active or reserve member of the United States military. Special Agent Zacharias had previously advised that he received a report that on July 25, 2005, when Usman Jawaid was on active duty, he attempted to make unauthorized access to the Point Lomas United States Navy submarine base in the area of San Diego, California.

24. On April 16, 2007, Special Agent Albert B. Zacharias, Army Operations Security Detachment, reviewed Jawaid's file and advised that while on active duty Jawaid reported that his original identification was lost. According to the file, Jawaid was issued multiple identification cards. Special Agent Zacharias advised that the photocopy of the identification Jawaid used on February 26, 2007 matched a military identification that was issued on October 6, 2005. This identification is the one that Jawaid used to obtain the government/military rate at Enterprise Rent A Car.

7

06/08/2007 09:42 FAX 9045491921    US DISTRICT COURT    ☒009
Case 1:07-mj-00275-JMF    Document 1-2    Filed 06/08/2007    Page 9 of 9
Case 3:07-mj-01097-MCR    Document 1    Filed 05/03/2007    Page 9 of 9

25.    On April 20, 2007, Special Zacharias advised Special Agent Orlando Quant that Army Regulation 635-10 (Processing Personnel for Separation), outlines in paragraph 3-14b, that immediately following final payment, the individual will surrender Identification Card (DD Form 2A) or give a sworn statement of loss to the finance and accounting officer or class B agent officer. Special Agent Zacharias also advised it was standard practice for the Army to require a member of the military to surrender his or her identification upon separation from the military, and that Usman Jawaid should have been aware of such common practice.

26.    Your affiant has reviewed a photocopy of the military identification presented by Usman Jawaid on February 26, 2007, which was attached to the copy of the rental agreement. The identification appears to be a genuine military identification issued to Jawaid.

### Affiant's Conclusion as to Probable Cause

27.    Based on the foregoing facts and circumstances, I submit that there is probable cause to believe that, on February 26, 2007, at Duval County, Usman Jawaid violated 18 U.S.C. § 912 (False personation of an officer or employee of the United States).

RICARDO R. AROCHO  
Special Agent  
Federal Bureau of Investigation

8